**U.S. DISTRICT COURT**
**DISTRICT OF NEW JERSEY- NEWARK VICINAGE**

| | |
|---|---|
| CHAZ JETER, KAYZEMAIRE MORGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>O'HANLON SCHWARTZ, P.C.; ISRAEL SCHWARTZ, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

**TO:** Clerk of the Court
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**WITH NOTICE TO:**
Dhairya Bhatia, Esq.
Legal Services of New Jersey
100 Metroplex Drive
Suite 101
P.O. Box 1357
Edison, New Jersey 08818-1357
Attorney for Plaintiffs

**PLEASE TAKE NOTICE THAT** Defendants, O'Hanlon Schwartz, P.C. and Israel Schwartz, Esq. hereby remove to this District Court the state action currently pending in the Essex County Superior Court of New Jersey under Docket No. ESX-L-5917-25 pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 described more fully below.

**PLEADING**

1. On or about August 5, 2025, Plaintiffs filed a Complaint in the Superior Court of New Jersey in and for the County of Essex, entitled Chaz Jeter, Kayzemaire Morgan,

on behalf of themselves and all others similarly situated v. O'Hanlon Schwartz and Israel Schwartz, Esq., under Docket No ESX-L-5917-25. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. In the Complaint, Plaintiffs allege claims against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"). (Exhibit A).

3. In the Complaint, Plaintiffs allege Defendants were retained to file complaints against each of them alleging the nonpayment of rent. (Exhibit A, ¶13 and ¶23).

4. Plaintiffs allege in the Complaints filed by the Defendants that they sought late charges, attorney's fees and other charges which were permitted, in part, by the lease agreement (Exhibit A, ¶15 and ¶25).

5. Plaintiffs claim Defendants stating the late fees and attorney's fees were collectible as additional rent pursuant to a written lease was false because in a certification submitted by Defendant Israel Schwartz he stated there was no written lease. (Exhibit A, ¶17 and ¶27).

6. Plaintiffs allege Defendants filed similar complaints against other individuals in residential tenancy eviction actions. (Exhibit A, ¶30).

7. Plaintiff alleges in the one count Complaint that Defendants violated the Fair Debt Collection Practice Act. (Exhibit A, ¶46).

8. In Plaintiff's demand for relief, Plaintiffs seek statutory damages, discretionary incentive awards for the named Plaintiffs and attorney's fees and costs under the FDCPA (Exhibit A).

**Grounds for Removal – Federal Question**

9. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441. This action for monetary damages could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 which provides that federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. Indeed, 28 U.S.C. § 1441(a) permits a defendant to remove a civil action filed in state court to federal court if the action could have been brought in federal court originally. See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 311, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005).

**Pleadings and Process.**

10. As required by 28 U.S.C. § 1446(a), moving Defendants have attached to this Notice of Removal copies of all state court process and pleadings served on them (*i.e.*, the Summonses and Complaint) (Exhibit A).

**Notice Given.**

11. Written notice of the filing of the Notice of Removal will be promptly served on the Plaintiffs' counsel, Dhairya Bhatia, Esq. and a copy will be promptly filed with the Clerk of the Superior Court of Essex County, New Jersey, pursuant to 28 U.S.C. § 1446(d). A true and accurate copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

**Removal is Timely Filed.**

12. Defendants removal is timely under 28 U.S.C. §1446(b) as it is being filed within 30 days of receipt by Defendants, through service or otherwise, of a copy of the pleading from which it may be ascertained that the case is removable. Defendant Israel

Schwartz was served on or about August 14, 2025. Defendant O'Hanlon Schwartz, P.C. was served on September 9, 2025.

**Venue.**

13. Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Superior Court of Essex County, New Jersey, which is included in the District of New Jersey, Newark Vicinage.

**Non-Waiver of Defenses.**

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or opposition to any attempt to certify a class in this or any other case.

**ACCORDINGLY**, because this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants O'Hanlon Schwartz, P.C. and Isarel Schwartz, Esq. hereby remove this action from the Superior Court of New Jersey, Essex County, to this Court.

Dated: September 11, 2025

/s/Jeffrey S. Leonard, Esq.
Jeffrey S. Leonard, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH, L.L.P**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 792-8740
E-mail: jeffrey.leonard@lewisbrisbois.com
Attorneys for Defendants
O'Hanlon Schwartz, P.C. and Israel Schwartz, Esq.

# EXHIBIT A

**FILING FEES WAIVED *R.* 1:13-2**
LEGAL SERVICES OF NEW JERSEY
By: Dhairya Bhatia (439582024)
100 Metroplex Drive, Suite 101
P.O. Box 1357
Edison, New Jersey 08818-1357
Email: dbhatia@lsnj.org
Tel: 732-529-8437
Attorneys for Plaintiffs and all others similarly situated

| | |
|---|---|
| CHAZ JETER, KAYZEMAIRE MORGAN, on behalf of themselves and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>O'Hanlon Schwartz P.C.; Israel Schwartz; and John Does 1-10<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION - CIVIL PART**<br><br>**ESSEX COUNTY**<br><br>Civil Action<br><br>Docket No. ESX-L-_________-25<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## NATURE OF ACTION

1. Chaz Jeter and Kayzemaire Morgan ("Plaintiffs") bring this putative class action on behalf of themselves and others similarly situated for damages and other relief arising from O'Hanlon Schwartz P.C.'s ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Specifically, Defendants violated 15 U.S.C. § 1692e by falsely misrepresenting the character, amount and legal status of alleged debt in eviction complaints and 15 U.S.C. § 1692f by using unfair and unconscionable means – i.e., the threat of eviction – to collect an alleged debt not expressly authorized by any agreement creating the debt or permitted by law despite also certifying that the tenancies were not subject to any written agreement. A nonpayment of rent action can only be maintained for ***rent*** due and owing. N.J.S.A 2A:18-61.1(a). And New Jersey law is clear: that non-rent fees are not rent unless so denominated by the parties in a written agreement.

Hodges v. Sasil Corp., 189 N.J. 210, 221("[A] landlord may not evict a tenant for failure to pay tangential fees such as late charges, attorneys' fees, or costs unless the lease provides that such fees are collectable as rent"); Cmty. Realty Mgmt., Inc. for Wrightstown Arms Apartments v. Harris, 155 N.J. 212, 234 (1998)(holding that there must be a written lease expressly permitting a landlord to collect on attorney's fees and damages)

**PARTIES**

2. Plaintiff Chaz Jeter is a consumer as that term is defined by 15 U.S.C. Section 1692a(3) insofar as he is a natural person who rented a residential apartment at 103 Chancellor Avenue, Apartment B33, in Newark, New Jersey and was allegedly obligated to pay money related to the rental of that apartment for personal, family or household purposes.

3. Plaintiff Kayzemaire Morgan is a consumer as that term is defined by 15 U.S.C. § 1692a insofar as he is a natural person who rented a residential apartment at 74 Broad Street, Apartment 33, in Newark, New Jersey and was allegedly obligated to pay money related to the rental of that apartment for personal, family or household purposes.

4. Defendant O'Hanlon Schwartz, P.C. ("OSPC") is a Pennsylvania professional corporation engaged in the practice of law. OSPC's main office is locate in Philadelphia, Pennsylvania and maintains an office in New Jersey located at 511 Market Street, Camden, New Jersey. OSPC transacts business in New Jersey.

5. Defendant OSPC is a debt collector as that term is defined by 15 U.S.C. Section 1692a(6) insofar as OSPC regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due to another party.

6. Defendant Israel Schwartz is an attorney at law in the State of New Jersey. Upon information and belief Defendant Israel Schwartz is one of two shareholders in OSPC.

Defendant Schwartz regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due to another party.

7. John Does 1-10 are fictitious names of Defendants whose names are presently unknown to Plaintiffs. Upon further investigation and discovery revealing the names of those individuals, Plaintiffs anticipate amending the Complaint to name these Defendants by their non-fictitious names.

8. OSPC, Schwartz and/or John Does 1-10's debt collection activities but are not limited to commencing and prosecuting summary actions in the Landlord Tenant Division of the Superior Court of New Jersey to dispossess tenants for nonpayment of rent. Hodges v. Sasil Corp., 189 N.J. 210 (2007).

9. OSPC, Schwartz and/or John Does 1-10 personally controlled, set, acted upon, and oversaw the implementation of OSPC's policies, procedures, and practices utilized by Defendants that constitutes the actionable conduct alleged in this complaint.

## FACTUAL ALLEGATIONS

***Chaz Jeter***

10. On or around December 27, 2019, Chaz Jeter rented an apartment at 103 Chancellor Avenue, Apartment #B33, Newark, New Jersey 07112 ("the Jeter apartment").

11. The monthly rent for the Jeter apartment at the inception of the tenancy was $1,250.00 per month.

12. The monthly rent for the Jeter apartment was increased to $1,300.00 effective January 1, 2024.

13. On August 6, 2024, OSPC filed a Complaint in the Landlord/Tenant Division of the Essex County Superior Court against Jeter alleging nonpayment rent ("Jeter Complaint"), Docket Number ESX-LT-14200-24.

14. The eviction complaint alleged that "there is **rent** due, unpaid, and owing from" Jeter a total of $4,362.00 (emphasis added).

15. The Jeter complaint used false, deceptive and misleading representations in connection with the collection of an alleged debt. Specifically, the Jeter complaint falsely represented the character, amount or legal status of the debt as follows:

a. The amount claimed due as rent included $500.00 in attorney's fees, which are not rent. Footnote 2 to ¶9 of the Jeter Complaint asserts specifically and falsely stated "The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal state and local law (including rent control and rent leveling) **and by the lease**" (emphasis added).

b. The amount claimed due included nine late fees of $50.00 each (totaling $450.00), which were not rent. Footnote 2 to ¶9 of the Jeter Complaint asserts specifically and falsely stated "The late charge, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal state and local law (including rent control and rent leveling) **and by the lease**" (emphasis added).

16. Schwartz personally signed the Jeter Complaint.

17. Along with the Jeter Complaint, Defendants filed a sworn statement made by Schwartz, which at ¶2, states "The lease that is the subject of this action is: [. . .] not the subject of a written agreement." Consequently, with respect to footnote 2 in the Jeter

Complaint, there is no lease that provides that "late charges [and] attorney fees . . . are permitted to be charges as rent."

18. Absent a written lease that expressly states that late fees and attorney fees may be charged as additional rent, state law prohibits charging a late fees or attorney fees in a nonpayment of rent action. Harris, 155 N.J. at 234 (holding that there must be a written lease expressly categorizing certain charges as "additional rent" before the landlord/tenant court may consider those charges as such).

***Kayzemaire Morgan***

19. On or around October 1, 2014 Morgan moved into 74 Broad Street, Apartment #33, Newark, New Jersey 07104.

20. At the inception of the lease, the monthly rent was $680/month

21. Effective August 1, 2024, the monthly rent was $707/month

22. As of August 27, 2024, Kayzemaire Morgan was a residential tenant at

23. On August 27, 2024, OSPC filed a Complaint in the Landlord/Tenant Division of Essex County for nonpayment of rent against Morgan ("Morgan Complaint"), Docket Number ESX-LT-16061-24.

24. The Morgan Complaint alleges as "**rent** due, unpaid, and owing from" Morgan a total of $2,689.00 (emphasis added).

25. The Morgan Complaint used false, deceptive, and misleading representations in connection with the collection of an alleged debt. Specifically, it falsely represented the character, amount, or legal status of the debt as follows:

a. The amount claimed due as rent included $500.00 in attorney's fees, which are not rent. Footnote 2 to ¶9 of the Morgan Complaint asserts specifically and falsely

stated "The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal state and local law (including rent control and rent leveling) **and by the lease**" (emphasis added).

b. The amount claimed due included ten late fees of $50.00 each (totaling $500.00), which were not rent. Footnote 2 to ¶9 of the Morgan Complaint asserts specifically and falsely stated "The late charge, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal state and local law (including rent control and rent leveling) **and by the lease**" (emphasis added).

c. The amount claimed due included one legal filing fee of $750.00, which were not rent. Footnote 2 to ¶9 of the Morgan Complaint asserts specifically and falsely stated "The late charge, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal state and local law (including rent control and rent leveling) **and by the lease**" (emphasis added).

26. Schwartz personally signed the Morgan Complaint.

27. Along with the Morgan Complaint, Defendants filed a sworn statement made by Schwartz, which at ¶2, states "The lease that is the subject of this action is: [. . .] not the subject of a written agreement." Consequently, with respect to footnote 2 in the Jeter Complaint, there is no lease that provides that "late charges [and] attorney fees . . . are permitted to be charges as rent."

28. Absent a written lease that expressly states that late fees and attorney fees may be charged as additional rent, state law prohibits charging a late fees or attorney fees in a nonpayment of rent action. Harris, 155 N.J. at 234 (holding that there must be a written lease

expressly categorizing certain charges as "additional rent" before the landlord/tenant court may consider those charges as such).

## CLASS ACTION ALLEGATIONS

29. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to R. 4:32

30. Plaintiffs propose to define the class as follows:

> All natural persons named as a defendant in a residential tenancy eviction complaint alleging nonpayment of rent filed by OSPC as attorneys for plaintiff within 1 year of the filing of this complaint, where the complaint alleged non-rent fees were due as rent and where OSPC also certified that the tenancy was not the subject of a written agreement.

31. Excluded from the Class are each Defendant and all officers, members, partners, managers, directors, and employees of any Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. The identities of all class members are readily ascertainable from the Defendants' business records, and the records of the landlords on whose behalf the Defendants attempted to collect debts.

33. Plaintiff proposes the following claims be defined as Class Claims:

> All claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. arising from complaints filed by O'Hanlon Schwartz P.C. as attorney for plaintiff in the Landlord/Tenant Division of the Superior Court of New Jersey in which the complaint asserted that unpaid rent included either late fees or attorney fees, or both, and attached a sworn statement or certification that the action was not subject to a written agreement.

34. The Class Claims do not include claims arising from eviction complaints filed more than one year immediately preceding the commencement of this action.

35. The Class defined is so numerous that joinder of all members would be impracticable because a review of pleadings on e-courts reveals that at least forty persons who fall within the class definition.

36. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether OSPC, as a matter of law, violated 15 U.S.C. §§ 1692e and 1692f when it included certain non-rent fees as legally due and owing in order to avoid eviction and when it also certified that the tenancy is not the subject of a written agreement.

37. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiffs will fairly and adequately represent the interest of the Class defined in this Complaint. Plaintiffs have retained Legal Services of New Jersey, which has over 50 years of extensive experience in handling consumer and landlord/tenant issues, complex legal issues, class actions. The class representatives have no interests that are antagonistic to the members of the class and neither Plaintiffs nor their attorneys have any interests which might cause them to not vigorously pursue this action.

39. Certification of the class under R. 4:32 is appropriate in that questions of law and fact common to the members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification, use modified definitions of the Class (which may expand or narrow the

scope of the Class), Class Claims, and the class period, and seek class certification only as to particular issues as permitted under R. 4:32.

**CLASS CLAIMS**
**FIRST COUNT**
**Violations of the FDCPA**

41. Plaintiffs, on behalf of themselves and other similarly situated, repeat and reallege all prior allegations as if set forth at length herein.

42. Each Defendant is a “debt collector” within the scope of the definition contained in 15 U.S.C. §1692a(6) and interpretations thereof.

43. Jeter, Morgan, and all putative plaintiffs are “consumer[s]” as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

44. The debts alleged to be owed by Jeter, Morgan, and all putative plaintiffs are “debts” as defined by 15 U.S.C § 1692a(5) of the FDCPA.

45. Plaintiffs and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of this transaction, was primarily for personal, family, and/or household purposes.

46. Each Defendant failed to comply with the FDCPA in one or more of the following ways, including:

a. Using false, deceptive, or misleading representations or means in connection with a collection of a debt in violation of 15 U.S.C. § 1692e including, but not limited to, subsections (2)(A), (2)(B), and (10); and

b. Using unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f including, but not limited to, subsection (1).

**WHEREFORE**, Plaintiffs respectfully demand the Court enter judgment in favor of each of them and against Defendants, jointly and severally, for:

a. An order certifying that the Cause of Action may be maintained as a class pursuant to R. 4:32 and appointing Plaintiffs and the undersigned counsel to represent the class above;

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

c. A discretionary incentive award for the Plaintiffs in recognition of their services on behalf of the Class in an amount to be determined by the Court;

d. For reasonable attorney's fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes; and

e. All other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Dhairya Bhatia, Esq. is designated as trial counsel for the plaintiffs in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated against Plaintiffs referred to above. I further certify that I know of no party who should be joined in the action at this time.

Dated: August 5, 2025

LEGAL SERVICES OF NEW JERSEY

s/ Dhairya Bhatia
Dhairya Bhatia, Esq.

*Attorneys for Plaintiffs and the putative class*

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-005917-25

**Case Caption:** JETER CHAZ VS O'HANLON SCHWARTZ, P .C.
**Case Initiation Date:** 08/05/2025
**Attorney Name:** DHAIRYA BHATIA
**Firm Name:** LEGAL SVCS OF NEW JERSEY
**Address:** 100 METROPLEX DRIVE SUITE 101 PO BOX 1357
EDISON NJ 088181357
**Phone:** 7325729100
**Name of Party:** PLAINTIFF : Jeter, Chaz
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** OTHER Fair Debt Collection Practices Act Class Action
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Chaz Jeter? NO**

**Are sexual abuse claims alleged by: Kazyemair Morgan? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/05/2025
Dated

/s/ DHAIRYA BHATIA
Signed

# EXHIBIT B

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Meredith Kaplan Stoma, Esq., (026051991)
Jeffrey S. Leonard, Esq., (038851993)
One Riverfront Plaza
Suite 800
Newark, New Jersey 07102
Tel: (973) 577-6260
Meredith.Stoma@lewisbrisbois.com
Jeffrey.Leonard@lewisbrisbois.com
LBBS File No.: 28303-953
Attorneys for Defendants, O'Hanlon Schwartz, P.C. and Israel Schwartz, Esq.

| | |
|---|---|
| CHAZ JETER, KAYZEMAIRE MORGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>O'HANLON SCHWARTZ, P.C.; ISRAEL SCHWARTZ, and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-5917-25<br><br>Civil Action<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that on September 11, 2024, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1446(b), Defendants O'Hanlon Schwartz, P.C. and Israel Schwartz, by and through their undersigned counsel, filed a Notice of Removal of this action with the Clerk of the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached as **Exhibit A**.

**LEWIS, BRISBOIS, BISGAARD & SMITH LLP**

BY: /s/ Jeffrey S. Leonard
Jeffrey S. Leonard
Attorney for Defendants

Dated: September 11, 2005